STATE *vs.* WILLIAM COTTLE & another.

Penobscot. Opinion September 5, 1879.

*Complaint.*

A complaint alleging that the defendant "did on the 8th of May, 1878, with force and arms, wilfully and maliciously violate the laws of the state of Maine, by dragging, hauling or drifting a net for the purpose of catching salmon in the Penobscot river between the Bucksport R. R. Bridge and the water works dam, said 8th day of May being one of the days set apart by law for a close time," does not set out any offense under Stat. 1876, c. 67, or R. S., c. 131, § 8.

ON EXCEPTIONS.

COMPLAINT against William Cottle and Mark Thompson, made to the municipal court for the city of Bangor, wherein it is alleged by one of the fish wardens that the defendants "did, on the 8th day of May, A. D. 1878, with force and arms, wilfully and maliciously violate the laws of the state of Maine, by dragging, hauling or drifting a net for the purpose of catching salmon in the Penobscot river, between the Bucksport R. R. Bridge, and the water works dam, said 8th day of May being one of the days set apart by law for a close time, all of which is against the peace," etc.

The case came up by appeal. In the supreme judicial court the defendants demurred to the complaint, whereupon the complaint was adjudged good and the demurrer overruled; and the defendant alleged exceptions.

*Jasper Hutchings,* county attorney, for the state, contended that the complaint was under R. S., c. 131, § 8, for an attempt to violate Stat. 1876, § 67, and cited, 2 Arch. Cr. Pr. & Plead. 30. Wheat. Cr. L., § 2698. 2 Greenl. Ev., § 5. R. S., c. 1, § 4, rule 26. *State* v. *McAllister,* 24 Maine, 139.

*A. Sanborn,* for the defendants.

APPLETON, C. J. This complaint is claimed to be under R. S., c. 131, § 8, which provides for the punishment of an attempt accompanied with an overt act to commit any criminal offense

when the attempted commission of such offense either fails or is prevented.

By Stat. of 1876, c. 67, it is provided that "there shall be, between the first day of April and the fifteenth day of July of each year, a weekly close time of four days, from sunrise on Sunday to sunrise on Thursday of each week, during which no salmon, shad, alewives or bass shall be taken or destroyed from or in the waters of the Penobscot river or its branches above the railroad bridge between Bangor and Brewer," etc., under certain penalties specified in the act.

The complaint alleges that the defendants did, on the 8th of May, 1878, "wilfully and maliciously violate the laws of the state of Maine, by dragging, hauling or drifting a net for the purpose of catching salmon in the Penobscot river between Bucksport R. R. bridge and the waterworks dam, said 8th day of May being one of the days set apart for close time, all of which is against the peace of said state and contrary to the form of the statute in such cases made and provided."

Here, obviously, is no statement of an offense under c. 67 which has been carried into effect. The allegation is of an attempt, if of anything. But the complaint fails to specify any "criminal offense" about to be committed, for the attempt to commit which the person guilty of such attempt would be amenable to punishment. It alleges neither the failure nor the prevention of the criminal offense attempted to be committed. For aught that is alleged, the catching of salmon might have been ever so successful.

The complaint neither alleged an offense committed, nor the attempt to commit one, with the certainty that is required in criminal procedure.

The statute of 1876, c. 67, provides certain close days when salmon may not be taken in the waters of the Penobscot river and its branches "above the railroad bridge between Bangor and Brewer." In the complaint is the allegation of a purpose of catching salmon "in the Penobscot river, between the Bucksport R. R. bridge and the Water Works dam." But there is no allegation where the Water Works dam is. So far as it appears from

the complaint, it may be above or below the Bucksport R. R. bridge. If below, then no offense was committed.

*Exceptions sustained.*
*Complaint bad.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.